## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Roobye F. Vega, being sworn, state:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

2. I have been a Special Agent with the Drug Enforcement Administration ("DEA") since 2018. Since January 2018, I have been assigned to the Organized Crime Drug Enforcement Task Force Boston Strike Force, which is a strike force incorporating various law enforcement agencies, including DEA, the Bureau of Alcohol, Tabaco and Firearms and Explosives ("ATF"), the Federal Bureau of Investigations ("FBI"), Immigration and Customs Enforcement Homeland Security Investigations ("HSI"), and the U.S. Marshals Service ("USMS"), among other agencies. I am also an officer in the Massachusetts Army National Guard and have been serving in that capacity since 2014. Prior to becoming a Special Agent, I graduated from Northeastern University with a degree in Global Studies and International Relations. I am bilingual in Spanish and English.

3. My responsibilities as a DEA Special Agent include the investigation of possible violations of federal law, including but not limited to violations of the Controlled Substances Act. As a Special Agent, I have participated in the investigations of criminal organizations involved in the distribution of controlled substances and related money laundering violations. I have participated in all aspects of drug investigations, including physical surveillance, surveillance of undercover transactions, the introduction of undercover agents, the execution of search warrants, acting in an undercover capacity, making arrests, and debriefing defendants, informants and

witnesses who had personal knowledge about major drug trafficking organizations. I have also reviewed recorded conversations and telephone, financial, and drug records. I have also received specialized training regarding the activities of narcotics traffickers, including the methods used to package, store, and distribute narcotics, and the methods used by narcotic traffickers to conceal and launder the proceeds of their narcotics-trafficking activities. Through my training and experience, I have become familiar with the manner in which illegal drugs are imported, transported, stored, and distributed, and the methods of payment for such drugs.

## Purpose of the Affidavit

4. I submit this affidavit in support of a criminal complaint against Brooke Logan PANIAGUA, charging that on September 27, 2022, the defendant did conspire to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §846.

## Probable Cause

5. During the last week of September 2022, a DEA confidential source ("CS")[1] informed investigators that on September 27, 2022, a female courier would be transporting 12 pounds of methamphetamine in a vehicle from Georgia to a buyer in Massachusetts. The CS gave investigators the time and exact address of a location in Waltham where the transaction was to occur.

6. On September 27, 2022, investigators established surveillance in the area of the Waltham address. At approximately 11:45 a.m., investigators saw an Infinity SUV with Georgia

---

[1] CS is a paid DEA documented informant who has been cooperating since 2017. CS has a prior federal drug trafficking conviction. CS initially provided information related to other drug trafficking investigations in hope of leniency at CS's sentencing. Information provided by CS in numerous other drug investigations has led to arrests and seizures of drugs and drug proceeds. I believe information provided by CS is reliable.

license plates arrive at the location that the CS had provided. A male was driving the SUV and a female, later determined to be PANIAGUA, was in the passenger's seat. PANIAGUA got out of the SUV and walked into a Starbucks and then returned to the SUV.

7. Investigators approached the SUV and observed in plain view a mirror with a white powder substance in the center console. Investigators removed PANIAGUA from the SUV. PANIAGUA had a loaded .22 caliber Ruger handgun in her rear pant pocket. On the backseat in plain view, investigators seized a pipe used to smoke methamphetamine. Investigators also recovered from inside an open black bag several glassine baggies containing a white crystal like substance, which field tested positive for methamphetamine. In another open bag, investigators recovered a scale, which was on top of female clothing.  In the trunk of the SUV, investigators found a large bag of dog food, which was partially open. Inside the bag were five plastic containers, each of which was wrapped in cellophane and contained white crystal like substances that field tested positive for methamphetamine and weighed 12.3 pounds (photo below).



3

## CONCLUSION

Based on the information set forth above, probable cause exists to believe that PANIAGUA has engaged in a violation of 21 U.S.C. §846, namely conspiracy to distribute and possess with intent to distribute a controlled substance.

I, Roobye F. Vega, hereby state under penalty of perjury that the contents of this affidavit are true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,

*Roobye Vega*
Roobye F. Vega, Special Agent
Drug Enforcement Administration

Sworn before me by telephone in accordance with the requirements of Federal Rule of Criminal Procedure 4.1 this 27 day of September 2022.

Honorable Donald L. Cabell
United States Magistrate Judge
District of Massachusetts